UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN WARD, an individual,

Plaintiff,

v

TLC PERSONNEL SERVICES, LLC, a Michigan limited liability corporation, TLC MICHIGAN, LLC, a Michigan limited liability corporation, and MID MICHIGAN EYE CARE CENTERS, P.C., a Michigan professional service corporation, all d/b/a TLC EYECARE & LASER CENTERS,

Defendants.

Case No. 15-cv-14282

Hon. Robert H. Cleland

---

**STIPULATED PROTECTIVE ORDER**

Plaintiff Karen Ward and Defendants TLC Personnel Services, LLC, TLC Michigan, LLC, And Mid Michigan Eye Care Centers, P.C., all D/B/A TLC Eyecare & Laser Centers ("TLC Eyecare & Laser Centers") and collectively referred to as Defendants ("Defendants") hereby agree as follows:

1. Documents or information containing confidential and proprietary business information as well other confidential information, including medical records, that bear significantly on the parties' claims or defenses may be disclosed or produced during the course of discovery in this litigation. To protect such information, Plaintiff and Defendants shall have the right to limit access to any

documents produced in discovery or other items relevant to this litigation as set forth herein.

2. Plaintiff and Defendants shall have the right to designate as "CONFIDENTIAL" any document or other item relevant to this litigation, including, without limitation, answers to interrogatories and any portion of deposition testimony or other testimony by a witness. However, no documents that are available to the general public can be designated as "CONFIDENTIAL."

3. Documents or other tangible items must be designated by conspicuously stamping the word "CONFIDENTIAL" on each page of the designated material. With regard to testimony, a party may designate portions of the record "CONFIDENTIAL" by notifying the other party on the record at the deposition or in writing no later than thirty (30) days after the transcript is received.

4. Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to <u>anyone</u>, except:

    (a) a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

    (b) any expert, investigator or consultant engaged by a party for the purpose of assisting in the preparation of this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. However, the parties agree that no "CONFIDENTIAL" information shall be disseminated to any

       such person who is employed by a direct business competitor of Defendants or its affiliates;

(c) non-party witnesses at depositions, hearings, or at trial, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(d) any other person or entity with the prior written consent of the producing party and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; or

(e) the Court, and any facilitators or mediators chosen by the parties to assist in this matter.

Documents or other items designated as "CONFIDENTIAL" may only be used in this litigation and for no other purpose. However, nothing contained in this Order shall preclude any party from using its own "CONFIDENTIAL" material in any manner it sees fit, without prior consent of any party or the Court.

5. Nothing in this Order shall preclude any party from challenging a designation of "CONFIDENTIAL" by another party.

(a) If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this Order, that party must provide at least five (5) days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

(b) If, after the five day period has expired the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the designating party shall contact and/or move the Court for a determination of whether the challenged designation is appropriate. The designating party shall provide the Court with one copy of each document, response, or portion of transcript

        challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

    (c)    If a party challenges a designation of "CONFIDENTIAL," the material is to be treated as "CONFIDENTIAL" until such time as the parties agree to remove the designation or the Court has ruled on the challenge.

6.    Documents designated as "CONFIDENTIAL" shall be filed under seal in accordance with the Court's Local Rules. Before any document marked as "CONFIDENTIAL" is filed under seal, the filing party may first consult with the party that originally designated the document as "CONFIDENTIAL" to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

7.    The parties agree that, in the event of production of attorney-client privileged or attorney work product documents or information, such material will be returned to counsel for the producing party and that no claim of waiver shall be asserted by the party to whom the material was produced.

8.    Within thirty (30) days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" from the party's own files, and from experts or other persons to whom the party has provided such materials consistent with this Order, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify

in writing to the designating party that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. All material protected by this Order which has been placed in any computer databank, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Order shall be destroyed within the same period.

9. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

10. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action. With respect to the use of documents or information designated as "CONFIDENTIAL" at an evidentiary hearing or trial, the parties shall confer on creating protective measures regarding the use of such documents and thereafter will approach the Court to request that it

enter such orders as are necessary to govern the use of such documents or information at hearing or trial.

11. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

12. This Order is binding on all parties to this action and on all third parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

SO ORDERED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 25, 2016, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

SO STIPULATED:

AKEEL & VALENTINE, PLC

*/s/ William R. Thomas (w/ permission)*
Shereef H. Akeel (P54345)
William R. Thomas (P77760)
Attorneys for Plaintiff
888 W. Big Beaver Road, Ste. 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
wil@akeelvalentine.com

DYKEMA GOSSETT PLLC

*/s/ Lauren M. Phillips*
Melvin J. Muskovitz (P18133)
Lauren M. Phillips (P74102)
Dykema Gossett PLLC
Attorneys for Defendants
2723 S. State St., Ste. 400
Ann Arbor, MI 48104
(734) 214-7662
mmuskovitz@dykema.com
lmphillips@dykema.com

March 23, 2016

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN WARD, an individual,

Plaintiff,

v

TLC PERSONNEL SERVICES, LLC, a Michigan limited liability corporation, TLC MICHIGAN, LLC, a Michigan limited liability corporation, and MID MICHIGAN EYE CARE CENTERS, P.C., a Michigan professional service corporation, all d/b/a TLC EYECARE & LASER CENTERS,

Defendants.

Case No. 15-cv-14282

Hon. Robert H. Cleland

---

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

I hereby certify that I have read the STIPULATED PROTECTIVE ORDER entered into by the parties in the above-captioned litigation. I hereby agree to be bound by the terms of the STIPULATED PROTECTIVE ORDER and to submit personally to the jurisdiction of the Court for purposes of enforcing my agreement to be bound by the terms of the STIPULATED PROTECTIVE ORDER.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation and will not retain any copies of such documents.

Date: _____________ Signature: __________________________________

Printed Name: __________________________